UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACQUELYN VanBRUNT

                           Plaintiff,

v.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

19-CV-_____(____)

CORNING COMMUNITY COLLEGE

                           Defendant

Jacquelyn VanBrunt, by her attorney, Stan Matusz, Esq., as and for her First Complaint, alleges and avers as follows:

## NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to the Plaintiff under the Equal Pay Act, as amended, 29 U.S.C. § 206, et seq. (hereinafter "EPA"), and the New York Achieve Pay Equity Act, as amended, New York Labor Law, § 194 (hereinafter "NYLL").

## JURISDICTION & VENUE

2. The original subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of the Congress providing for the protection of civil rights; under 28 U.S.C § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and under 29 U.S.C. § 206(d).

3. Pendant jurisdiction of claims arising under § 194 of the New York Labor Law is also invoked under 28 U.S.C. §1367 because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate in the Western District of New York by virtue of 28 U.S.C. § 1391, since the allegations contained herein arose in the District, Defendant does business within this District, Defendant employed Plaintiff in this District, Plaintiff resides in this District, and Defendant is subject to personal jurisdiction in this District.

## PARTIES

5. Plaintiff, Jacquelyn VanBrunt (hereinafter "Plaintiff" or "Ms. VanBrunt"), is a resident of the State of New York, residing at 9 Heritage Lane, Horseheads, NY 14845 in Chemung County.  Ms. VanBrunt has been employed by Defendant Corning Community College (hereinafter "Defendant" or "the College") from 1998 to date.  Plaintiff is an "employee" of Defendant, as defined under the Equal Pay Act and New York Labor Law.

6. Defendant, Corning Community College, is a public community college of the State University of New York with a principal office located in Corning, New York at 1 Academic Drive, South Corning, NY 14830.

7. Defendant has continuously employed at least fifteen (15) employees and conducted business in the State of New York and the County of Steuben throughout all time frames relevant to this action.

8. Defendant engages in a business that employs Plaintiff, within the definitions of

the Section 3(d) of the Fair Labor Standards Act ("FLSA"), Section 203(e), and the New York Labor Law.  At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (i) and (j), and has continuously been an enterprise engaged in commerce or the production of goods for commerce within the meaning of sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r) and (s).

## **FACTUAL BACKGROUND**

9. Plaintiff, Jacquelyn VanBrunt, is a woman.

10. Plaintiff VanBrunt was hired by the College in 1998 as an Adjunct Instructor.

11. In 2005, Ms. VanBrunt became a full-time Counselor at the College.

12. In 2012, Ms. VanBrunt was appointed as the Director of the Advising and Counseling Department at the College.

13. On March 5, 2016, Ms. VanBrunt was appointed as an Associate Dean for Student Services, reporting to the Vice President for Student Development and Enrollment Management.

14. On September 18, 2017, the College expanded Ms. VanBrunt's role to include Enrollment Management, and she is now serving as Associate Dean for Enrollment Management, reporting to the Provost.

15. Since her initial appointment as an Associate Dean, Ms. VanBrunt has been re-appointed to serve as an Associate Dean of the College on an annual basis.

16. Ms. VanBrunt holds a master's degree in counseling and is currently completing her doctorate degree.  During her tenure with the College, she has received excellent performance appraisals.

17. During her employment at the College, Ms. VanBrunt has observed that the College pays male employees more than female employees who perform substantially equal work on jobs requiring equal skill, effort and responsibility under similar working conditions.

18. For example, when Ms. VanBrunt left her role as Director of Advising and Counseling Services, the College paid two newly hired male Directors $20,000 more in annual salary for performing the same role.

19. After her Appointment as Associate Dean, Ms. VanBrunt also learned that male Associate Deans were receiving significantly higher salaries from the College than female Associate Deans.

20. The College currently has four Associate Dean positions. Two Associate Dean positions are held by males; the other two Associate Dean positions are held by females.

21. Ms. VanBrunt's current annual salary is $84,487.

22. One male Associate Dean of the College (hereinafter "Male AD #1") is paid an annual salary of $137,008 (as of September 2018).

23. The College pays Male AD #1 $52,521 more in annual salary than Ms. VanBrunt.

24. In percentage terms, the College pays Male AD #1 62.2% more in annual salary than Ms. VanBrunt.

25. The College pays the second male Associate Dean (hereinafter "Male AD #2") an annual salary of $115,628 (as of September 2018).

26. The College pays Male AD #2 $31,141 more in annual salary than Ms. VanBrunt.

27. In percentage terms, the College pays Male AD #2 36.9% more in annual salary than Ms. VanBrunt.

28. The College's other female Associate Dean, Deborah Beall, is paid an annual salary of $93,386.

29. The College pays Male AD #1 $43,622 more in annual salary than Associate Dean Beall.

30. In percentage terms, the College pays Male AD #1 46.7% more in annual salary than Ms. Beall.

31. The College pays Male AD #2 $22,242 more in annual salary than Associate Dean Beall.

32. In percentage terms, the College pays Male AD #2 23.8% more in annual salary than Ms. Beall.

33. Each of the College's four Associate Dean positions perform substantially equal work that requires equal skill, effort and responsibility under similar working conditions.

34. Each Associate Dean position reports directly to the College's Provost and each position shares common job duties.

35. Male AD #1 is the Associate Dean for Science, Technology, Engineering and Math. This position has responsibility for six (6) reporting areas within the College.

36. Male AD #2 is Associate Dean for Math Humanities and Social Sciences. This position has responsibility for five (5) reporting areas within the College.

37. Associate Dean Beall (female) is the Associate Dean for Professional Studies. This position has responsibility for ten (10) reporting areas within the College.

38. Plaintiff Van Brunt is the Associate Dean for Student Development and Enrollment Management. This position has responsibility for six (6) reporting areas within the College.

39. Each Associate Dean position is classified by the College in the same professional Service Grade (Grade 209).

40. According to the College's "Professional Service Grade Order List," the purported current salary range for the Associate Dean Position is between $64,925 and $108,207.

41. Plaintiff Van Brunt's salary of $84,487 and Ms. Beall's salary of $93,386 fall within the range set forth by the College in its "Professional Service Grade Order List."

42. However, in contrast to the salaries paid to female Associate Deans, the salaries paid to male Associate Dean of $137,008 and $115,628 (as of September 2018) are well above the maximum salaries set forth in the College's "Professional Service Grade Order List."

43. Ms. VanBrunt complained about this gender-based wage disparity to the Provost of the College on several occasions beginning in September of 2017.  However, no action was taken by the College to correct the disparity.

44. Additionally, Associate Dean Beall (female) has complained to the College about the gender-based pay inequity on multiple occasions, beginning in early 2017.  Ms. Beall brought those complaints directly to the College's President and Human Resources Director.

45. Despite the complaints of Ms. VanBrunt and Ms. Beall, and the obvious and blatant disparity in pay between males and females who perform substantially equal work, the College has willfully maintained this pay inequity.

**AS AND FOR A FIRST CAUSE OF ACTION: EQUAL PAY ACT – UNLAWFUL WAGE DISCRIMINATION BASED ON SEX**

46. Plaintiff realleges the above paragraphs as if fully restated herein.

47. At all relevant times, Plaintiff and the Defendant's male Directors and male Associate Deans performed substantially equal work that requires equal skill, effort and responsibility.

48. At all relevant times, Plaintiff performed work under conditions similar to Defendant's male Directors and Associate Deans.

49. By and through the course of conduct as alleged above, Defendant has and is willfully violating the Equal Pay Act, as amended, 29 U.S.C. § 206, by paying Plaintiff, a female, less than what it pays male Directors and male Associate Deans.

50. As a direct consequence thereof, Defendant withheld, and continues to withhold, the payment of wages, benefits and bonuses due to Plaintiff.

51. The foregoing conduct of Defendant was and is willful.

52. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial

53. Plaintiff is further entitled to liquidated damages of 100% of lost wages, benefits, bonuses and other monetary losses from July 23, 2016 forward.

**AS AND FOR A SECOND CAUSE OF ACTION: NEW YORK ACHIEVE PAY EQUITY ACT – WAGE DISCRIMINATION BASED ON SEX AND GENDER**

54. Plaintiff realleges the above paragraphs as if fully restated herein.

55. At all relevant times, Plaintiff and the Defendant's male Directors and male Associate Deans performed substantially equal work that requires equal skill, effort and responsibility.

56. At all relevant times, Plaintiff performed work under conditions similar to male Directors and Associate Deans.

57. By and through the course of conduct as alleged above, Defendant willfully violated the New York Achieve Pay Equity Act, as amended, New York Labor Law § 194, by paying Plaintiff, a female, less than what it pays its male Directors and male Associate Deans.

58. As a direct consequence thereof, Defendant withheld, and continues to withhold, the payment of wages, benefits and bonuses due to Plaintiff.

59. The foregoing conduct of Defendant was and is willful.

60. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

61. Plaintiff is further entitled to liquidated damages of 300% of lost wages, benefits, bonuses and other monetary losses from July 23, 2013 forward.

## **TRIAL BY JURY**

Plaintiff demands a trial by jury on all claims properly triable by a jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant in her favor and award the following relief:

a. An award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from July 23, 2016 forward, under the Equal Pay Act;

b. Liquidated damages of 100% of lost wages, benefits, bonuses and other monetary losses under the Equal Pay Act from July 23, 2016 forward;

c. An award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from July 23, 2013 forward, under Section 194 of the New York Labor Law;

d. Liquidated damages of 300% of lost wages, benefits, bonuses and other monetary losses under Section 194 the New York Labor Law from July 23,

2013 forward;

e. An award of reasonable attorneys' fees, costs, expenses, expert fees, disbursements and costs incurred in vindicating the rights of Plaintiff;

f. An award of pre and post judgment interest;

g. Granting such additional relief as this Court deems just and proper.

/s/Stan Matusz
Stan Matusz, Esq.
*Attorney for Plaintiff*
29 Murfield Drive
Ithaca, NY 14850
Telephone: 607-319-5513
stanmatusz@gmail.com

Dated:      Ithaca, New York
            July 23, 2019