UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACQUELYN VanBRUNT

                Plaintiff,

v.

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

19-CV-6549 (EAW)

CORNING COMMUNITY COLLEGE

                Defendant

Jacquelyn VanBrunt, by her attorney, Stan Matusz, Esq., as and for her First Complaint, alleges and avers as follows:

## NATURE OF CLAIM

1. This is a proceeding for declaratory relief and monetary damages to redress the deprivation of rights secured to the Plaintiff under the Equal Pay Act, as amended, 29 U.S.C. § 206, et seq. (hereinafter "EPA"), the New York Achieve Pay Equity Act, as amended, New York Labor Law, § 194 (hereinafter "NYLL"), Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000, et seq. (hereinafter "Title VII"), and the New York Human Rights Law, §296 N.Y. Executive Law ("NYHRL").

## JURISDICTION & VENUE

2. The original subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343 (3) and (4) conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any Act of the Congress providing for the protection of civil rights; under

1

28 U.S.C § 1337 conferring jurisdiction of any civil action arising under any Act of Congress regulating interstate commerce; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; and under 29 U.S.C. § 206(d).

3. Pendant jurisdiction of claims arising under § 194 of the New York Labor Law and § 296 of the New York Human Rights Law also invoked under 28 U.S.C. §1367 because those claims arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate in the Western District of New York by virtue of 28 U.S.C. § 1391, since the allegations contained herein arose in the District, Defendant does business within this District, Defendant employed Plaintiff in this District, Plaintiff resides in this District, and Defendant is subject to personal jurisdiction in this District.

5. Plaintiff has satisfied all applicable administrative prerequisites for filing this action under Title VII and the NYHRL, including: the timely and dual filing of a Charge on March 22, 2019 with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("NYSDHR"), the receipt of a Right to Sue Letter from the EEOC, dated September 19, 2019, and the filing of the instant First Amended Complaint within ninety (90) days of receipt of the latter.

**PARTIES**

6. Plaintiff, Jacquelyn VanBrunt (hereinafter "Plaintiff" or "Ms. VanBrunt"), is a resident of the State of New York, residing at 9 Heritage Lane, Horseheads, NY 14845 in Chemung County.  Ms. VanBrunt was employed by Defendant Corning

Community College (hereinafter "Defendant" or "the College") from 1998 to August 9, 2019.  Plaintiff was an "employee" of Defendant, as defined under the Equal Pay Act, New York Labor Law, Title VII and the NYHRL.

7. Defendant, Corning Community College, is a public community college of the State University of New York with a principal office located in Corning, New York at 1 Academic Drive, South Corning, NY 14830.

8. Defendant has continuously employed at least fifteen (15) employees and conducted business in the State of New York and the County of Steuben throughout all time frames relevant to this action.

9. Defendant engages in a business that employed Plaintiff, within the definitions of the Fair Labor Standards Act ("FLSA"), Section 203(d), the New York Labor Law, Title VII and the NYHRL.  At all relevant times, Defendant has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (i) and (j), and has continuously been an enterprise engaged in commerce or the production of goods for commerce within the meaning of sections 3(r) and (s) of the FLSA, 29 U.S.C. § 203(r) and (s).

**FACTUAL BACKGROUND**

10. Plaintiff, Jacquelyn VanBrunt, is a woman.

11. Plaintiff VanBrunt was hired by the College in 1998 as an Adjunct Instructor.

12. In 2005, Ms. VanBrunt became a full-time Counselor at the College.

13. In 2012, Ms. VanBrunt was appointed as the Director of the Advising and Counseling Department at the College.

14. On March 5, 2016, Ms. VanBrunt was appointed as an Associate Dean for Student Services, reporting to the Vice President for Student Development and Enrollment Management.

15. On September 18, 2017, the College expanded Ms. VanBrunt's role to include Enrollment Management and she began serving as Associate Dean for Enrollment Management reporting to the Provost of the College.

16. Since her initial appointment as an Associate Dean, Ms. VanBrunt was re-appointed to serve as an Associate Dean of the College on an annual basis.

17. Ms. VanBrunt holds a master's degree in counseling and also a doctorate degree. During her tenure with the College, she received excellent performance appraisals.

18. Ms. VanBrunt resigned from her employment with the College, and her last date of work was August 9, 2019.

19. During her employment at the College, Ms. VanBrunt observed that the College pays male employees more than female employees who perform substantially equal work on jobs requiring equal skill, effort and responsibility under similar working conditions.

20. For example, when Ms. VanBrunt left her role as Director of Advising and Counseling Services, the College paid two newly hired male Directors $20,000 more in annual salary for performing the same role.

21. After her Appointment as Associate Dean, Ms. VanBrunt also learned that male Associate Deans were receiving significantly higher salaries from the College than female Associate Deans.

22. At the time the Original Complaint was filed in this matter, the College had four Associate Dean positions.  Two Associate Dean positions were held by males; the other two Associate Dean positions were held by females.

23. Ms. VanBrunt's annual salary was $84,487 as of September, 2018.

24. One male Associate Dean of the College ("Male AD #1") had an annual salary of $137,008 as of September, 2018.

25. As of September, 2018, the College paid Male AD #1 $52,521 more in annual salary than Ms. VanBrunt.

26. In percentage terms, the College paid Male AD #1 62.2% more in annual salary than Ms. VanBrunt (as of September, 2018).

27. The College paid the second male Associate Dean ("Male AD #2") an annual salary of $115,628 as of September, 2018.

28. As of September, 2018, the College paid Male AD #2 $31,141 more in annual salary than Ms. VanBrunt.

29. In percentage terms, the College paid Male AD #2 36.9% more in annual salary than Ms. VanBrunt (as of September, 2018).

30. As of September, 2018, the College's other female Associate Dean, Deborah Beall, had an annual salary of $93,386.

31. The College paid Male AD #1 $43,622 more in annual salary than Associate Dean Beall (as of September, 2018).

32. In percentage terms, the College paid Male AD #1 46.7% more in annual salary than Ms. Beall as of September, 2018.

33. The College paid Male AD #2 $22,242 more in annual salary than Associate Dean Beall as of September, 2018.

34. In percentage terms, the College paid Male AD #2 23.8% more in annual salary than Ms. Beall (as of September, 2018).

35. Each of the College's Associate Deans perform/performed substantially equal work that requires substantially equal skill, effort and responsibility under similar working conditions.

36. Each of the College's Associate Deans perform/performed substantially similar work, when viewed as a composite of skill, effort, and responsibility, under similar working conditions.

37. Each Associate Dean reports/reported directly to the College's Provost, and each position shares/shared common job duties and content.

38. Male AD #1 is the Associate Dean for Science, Technology, Engineering and Math. This position has responsibility for six (6) reporting areas within the College.

39. Male AD #2 is Associate Dean for Math Humanities and Social Sciences. This position has responsibility for five (5) reporting areas within the College.

40. Associate Dean Beall (female) is the Associate Dean for Professional Studies. This position has responsibility for ten (10) reporting areas within the College.

41. Until her resignation, Plaintiff Van Brunt was the Associate Dean for Student Development and Enrollment Management. This position had responsibility for six (6) reporting areas within the College.

42. Each Associate Dean position is/was classified by the College in the same professional Service Grade (Grade 209).

43. According to the College's "Professional Service Grade Order List," the purported current salary range for the Associate Dean Position is between $64,925 and $108,207.

44. Ms. Van Brunt's salary of $84,487 and Associate Dean Beall's salary of $93,386 fall/fell within the range set forth by the College in its "Professional Service Grade Order List."

45. However, in contrast to the salaries paid to female Associate Deans, the salaries paid to male Associate Deans of $137,008 and $115,628 (as of September 2018) are well above the maximum salaries set forth in the College's "Professional Service Grade Order List."

46. Ms. VanBrunt complained about this gender-based wage disparities to the Provost of the College on several occasions beginning in September of 2017. However, no action was taken by the College to correct the disparity.

47. Additionally, Associate Dean Beall (female) has complained to the College about the gender-based pay inequity on multiple occasions, beginning in early 2017. Ms. Beall brought those complaints directly to the College's President and Human Resources Director.

48. Despite the complaints of Ms. VanBrunt and Ms. Beall, and the obvious and blatant disparity in pay between males and females who perform substantially equal work, the College has willfully maintained this pay inequity.

49. On March 22, 2019, Ms. VanBrunt filed a Charge with the Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit A, asserting violations of the Equal Pay Act, Title VII and the New York Human Rights Law on the part of the College.

50. On September 19, 2019, the EEOC issued a Dismissal and Notice of Rights Letter to Ms. VanBrunt, attached hereto as Exhibit B.

## AS AND FOR A FIRST CAUSE OF ACTION: EQUAL PAY ACT – UNLAWFUL WAGE DISCRIMINATION BASED ON SEX

51. Plaintiff realleges the above paragraphs as if fully restated herein.

52. At all relevant times, Plaintiff and Defendant's male Directors and male Associate Deans performed substantially equal work that required equal skill, effort and responsibility.

53. At all relevant times, Plaintiff performed work under conditions similar to Defendant's male Directors and Associate Deans.

54. By and through the course of conduct as alleged above, Defendant willfully violated the Equal Pay Act, as amended, 29 U.S.C. § 206, by paying Plaintiff, a female, less than what it paid male Directors and male Associate Deans.

55. As a direct consequence thereof, Defendant withheld the payment of wages, benefits and bonuses due to Plaintiff.

56. The foregoing conduct of Defendant was willful.

57. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

58. Plaintiff is further entitled to liquidated damages of 100% of lost wages, benefits, bonuses and other monetary losses from July 23, 2016 forward.

## AS AND FOR A SECOND CAUSE OF ACTION:
## NYLL SECTION 194 – WAGE DISCRIMINATION BASED ON SEX AND GENDER

59. Plaintiff realleges the above paragraphs as if fully restated herein.

60. At all relevant times, Plaintiff and Defendant's male Directors and male Associate Deans performed substantially equal work that required equal skill, effort and responsibility.

61. At all relevant times, Plaintiff and the male Associate Deans of Defendant performed similar work when viewed as a composite of skill, effort, and responsibility

62. At all relevant times, Plaintiff performed work under conditions similar to Defendant's male Directors and Associate Deans.

63. By and through the course of conduct as alleged above, Defendant willfully violated the New York Achieve Pay Equity Act, as amended, NYLL § 194, by paying Plaintiff, a female, less than what it paid its male Directors and male Associate Deans.

64. As a direct consequence thereof, Defendant withheld the payment of wages, benefits and bonuses due to Plaintiff.

65. The foregoing conduct of Defendant was willful.

66. Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

67. Plaintiff is further entitled to liquidated damages of 300% of lost wages, benefits, bonuses and other monetary losses from July 23, 2013 forward.

**AS AND FOR A THIRD CAUSE OF ACTION:
TITLE VII – UNLAWFUL DISCRIMINATION BASED ON SEX**

68. Plaintiff realleges the above paragraphs as if fully restated herein.

69. By and through the course of conduct alleged above, Defendant discriminated against Plaintiff on the basis of her gender, in violation of Title VII.

70. Plaintiff is a female, was qualified and satisfactorily performing her duties, and suffered an adverse employment action (lower pay) under circumstances giving rise to an inference of gender discrimination.

71. As a direct and proximate result of Defendant's discrimination in violation of Title VII, Plaintiff suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to monetary damages and other relief.

72. As a direct and proximate of Defendant's unlawful discrimination in violation of Title VII, Plaintiff suffered and continues to suffer, economic harm for which she is entitled to back pay, front pay and/or other relief.

73. The foregoing conduct of Defendant constitutes willful violations of Title VII for which Plaintiff is entitled to punitive damages.

74. Plaintiff is also entitled to reasonable attorneys' fees, costs and disbursements of this action, and further legal and equitable relief as may be appropriate under Title VII.

**AS AND FOR A FOURTH CAUSE OF ACTION:
NYHRL – UNLAWFUL DISCRIMINATION BASED ON SEX**

75. Plaintiff realleges the above paragraphs as if fully restated herein.

76. By and through the course of conduct alleged above, Defendant discriminated against Plaintiff on the basis of her gender, in violation of the NYHRL.

77. Plaintiff is a female, was qualified and satisfactorily performing her duties, and suffered an adverse employment action (lower pay) under circumstances giving rise to an inference of gender discrimination.

78. As a direct and proximate result of Defendant's discrimination in violation of the NYHRL, Plaintiff suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is

entitled to monetary damages and other relief.

79. As a direct and proximate of Defendant's unlawful discrimination in violation of the NYHRL, Plaintiff suffered and continues to suffer, economic harm for which she is entitled to back pay, front pay and/or other relief.

80. The foregoing conduct of Defendant constitutes willful violations of the NYHRL for which Plaintiff is entitled to punitive damages.

81. Plaintiff is also entitled to reasonable attorneys' fees, costs and disbursements of this action, and further legal and equitable relief as may be appropriate under the NYHRL.

### **TRIAL BY JURY**

Plaintiff demands a trial by jury on all claims properly triable by a jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant in her favor and award the following relief:

    a.    An award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from July 23, 2016 forward, under the Equal Pay Act;

    b.    Liquidated damages of 100% of lost wages, benefits, bonuses and other monetary losses under the Equal Pay Act from July 23, 2016 forward;

    c.    An award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from July 23, 2013 forward, under Section 194 of the New York Labor Law;

    d.    Liquidated damages of 300% of lost wages, benefits, bonuses and other monetary losses under Section 194 the New York Labor Law from July 23, 2013 forward;

    e.    Compensatory and punitive damages under Title VII, which include an award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from May 22, 2018 forward;

    f.    Compensatory damages under the NYHRL, which include an award of the value of Plaintiff's lost wages, benefits, bonuses and other monetary losses from March 22, 2016 forward;

    g.    An award of reasonable attorneys' fees, costs, expenses, expert fees, disbursements and costs incurred in vindicating the rights of Plaintiff;

    h.    An award of pre and post judgment interest;

    i.    Granting such additional relief as this Court deems just and proper.

    /s/Stan Matusz
    Stan Matusz, Esq.
    *Attorney for Plaintiff*
    29 Murfield Drive
    Ithaca, NY 14850
    Telephone: 607-319-5513
    stanmatusz@gmail.com

Dated:    Ithaca, New York
             October 16, 2019

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 525-2019-00587 |

**New York State Division Of Human Rights** and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.): Jacquelyn VanBrunt
**Home Phone** (Incl. Area Code):
**Date of Birth**:

**Street Address**: 9 Heritage Lane, Horseheads, NY 14845
**City, State and ZIP Code**:

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: CORNING COMMUNITY COLLEGE
**No. Employees, Members**: 101 - 200
**Phone No.**: (607) 962-9011
**Street Address**: 1 Academic Drive, Corning, NY 14830

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER (Specify) **Equal Pay**

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest:         Latest: 03-07-2019
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am female. Because of this I have been discriminated against.

I began my employment with the above-named college in 1998. I began my employment as an adjunct instructor. I became a full-time counselor in 2005. From 2012-2016, I was a Director in the Advising & Counseling Department (now called Retention & Educational Planning). Since 2016, I have worked as an Associate Dean for the Student Development and Enrollment Management Division.

I have a master's degree in Counseling and am currently completing my doctorate degree.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3/22/19    X Jacquelyn VanBrunt
Date        Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements
*** Michell A. Krossber

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
X Jacquelyn VanBrunt

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE March 22,
(month, day, year)
Michell A. Krossber - Notary Public
State of New York - Steuben County
No. 01KR6220763
Commission Expires 04/26/20

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>525-2019-00587 |
|---|---|---|

New York State Division Of Human Rights                                            and EEOC
*State or local Agency, if any*

During my employment, I have observed the college pay male employees more than female employees, who hold the same position. For example, I was paid approximately $20,000 less when I was working as a Director in Student Development and Enrollment Management in 2016, than the newly-hired male directors currently working in that division.

Upon information and belief, male Associate Deans employed by the college are paid more than female Associate Deans, despite the tenure, education, experience, and responsibilities of these female Associate Deans. Upon information and belief, I am the lowest paid Associate Dean.

I have spoken to my immediate supervisor regarding the disparity in my pay as compared with male Associate Deans. Additionally, it is my understanding that at least one other Associate Dean has questioned the pay difference between male and female Associate Deans and my employer is on notice of the pay disparity. Despite this, I have not received a salary increase that would place me on par with the male Associate Deans.

Based on the above, I believe that I have been discriminated against because of sex in violation of Title VII of the Civil Rights Act of 1964, the Equal Pay Act and other applicable Federal, state and local anti-discrimination statutes.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3/22/19    X Jacquelyn VanBrunt
Date         Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

*** Michell A Krossber

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
X Jacquelyn VanBrunt

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE March 22, 2019
(month, day, year)   Michell A. Krossber - Notary Public
State of New York - Steuben County
No. 01KR6220763
Commission Expires: 04/26/2022

# EXHIBIT B

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jacquelyn VanBrunt<br>9 Heritage Lane<br>Horseheads, NY 14845 | From: | Buffalo Local Office<br>300 Pearl Street<br>Suite 450<br>Buffalo, NY 14202 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2019-00587 | Jean E. Mulligan,<br>Investigator | (716) 431-5013 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[X] Other *(briefly state)*    **Charging Party is pursuing claims in court**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*/s/ John E. Thompson/*     **SEP 1 9 2019**

Enclosures(s)     John E. Thompson,<br>Local Office Director     *(Date Mailed)*

cc:
Connie Park
Human Resources Director
CORNING COMMUNITY COLLEGE
1 Academic Drive
South Corning, NY 14830

Stan Matusz, Esq.
29 Murfield Drive
Ithaca, NY 14850

Katherine McClung, Esq.
BOND SCHOENECK & KING, PLLC
350 Linden Oaks
3rd Floor
Rochester, NY 14625