UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACQUELYN VANBRUNT,

                        Plaintiff,

v.

CORNING COMMUNITY COLLEGE,

                        Defendant.

**ANSWER TO FIRST AMENDED COMPLAINT**

Index No. 6:19-cv-06549

      Defendant Corning Community College, by and through its attorneys, Bond, Schoeneck & King, PLLC, hereby appears and answers the First Amended Complaint ("Amended Complaint") as follows:

      1.      ADMITS that in her Amended Complaint, Plaintiff seeks monetary damages and asserts purported claims under the Equal Pay Act, the New York Labor Law, Title VII of the Civil Rights Act of 1964, and the New York Human Rights Law, but otherwise DENIES the truth of the factual allegations contained in Paragraph 1 of the Amended Complaint.

      2.      ADMITS that in her Amended Complaint, Plaintiff states that this Court has subject matter jurisdiction over this case under a series of statutes, but DENIES the truth of the factual allegations contained in Paragraph 2 of the Amended Complaint and respectfully refers all questions of law to the Court.

      3.      DENIES the truth of the factual allegations contained in Paragraph 3 of the Amended Complaint and respectfully refers all questions of law to the Court.

      4.      ADMITS that Defendant operates in this District and that Plaintiff previously worked at Defendant in this District, but DENIES information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 4 regarding the location of

Plaintiff's current residence, DENIES the truth of any other factual allegations contained in Paragraph 4, and respectfully refers all questions of law to the Court.

5. ADMITS that Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") in or around March or April 2019 and that the EEOC issued a Dismissal and Notice of Rights dated September 19, 2019, but otherwise DENIES the truth of any other factual allegations contained in Paragraph 5, and respectfully refers all questions of law to the Court.

6. DENIES information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 6 regarding the location of Plaintiff's current residence, ADMITS that Plaintiff previously worked at Defendant, DENIES the truth of the remaining factual allegations contained in Paragraph 6 of the Amended Complaint and respectfully refers all questions of law to the Court.

7. ADMITS the truth of the factual allegations contained in Paragraph 7 of the Amended Complaint.

8. In response to paragraph 8 of the Amended Complaint, ADMITS that at least 15 individuals have worked at Defendant and that Defendant has conducted business in the State of New York and the County of Steuben during all time frames referenced in the Amended Complaint, but otherwise respectfully refers all questions of law to the Court.

9. ADMITS that Plaintiff previously worked at Defendant, DENIES the truth of the remaining factual allegations contained in Paragraph 9 of the Amended Complaint and respectfully refers all questions of law to the Court.

10. Upon information and belief, ADMITS the truth of the factual allegations contained in Paragraph 10 of the Amended Complaint.

11. ADMITS the truth of the factual allegations contained in Paragraph 11 of the Amended Complaint.

12. ADMITS the truth of the factual allegations contained in Paragraph 12 of the Amended Complaint.

13. In response to paragraph 13 of the Amended Complaint, ADMITS that Plaintiff served as the Interim Director of Advising and Counsel Department starting in 2012.

14. In response to paragraph 14 of the Amended Complaint, ADMITS that Plaintiff served as the Associate Dean starting in or around March 2016.

15. In response to paragraph 15 of the Amended Complaint, ADMITS that Plaintiff's role included Enrollment Management starting in 2017.

16. DENIES the truth of the factual allegations contained in Paragraph 16 of the Amended Complaint.

17. ADMITS that Plaintiff represented to the Defendant that she holds a master's degree in counseling and was working on completing her doctorate degree, and otherwise DENIES the truth of the factual allegations contained in Paragraph 17 of the Amended Complaint.

18. In response to paragraph 18 of the Amended Complaint, ADMITS that Plaintiff resigned from her position at Defendant in or around the summer of 2019.

19. DENIES information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 19 regarding when Plaintiff acquired certain knowledge or opinions.

20. DENIES the truth of the factual allegations contained in Paragraph 20 of the Amended Complaint and respectfully refers all questions of law to the Court.

21. DENIES information or knowledge sufficient to form a belief as to the truth of the factual allegations contained in Paragraph 21 regarding when Plaintiff acquired certain knowledge or opinions.

22. ADMITS that during the prior academic year, Defendant had four Associate Dean positions, which were held by Deborah Beall, Jacquelyn VanBrunt, Byron Shaw and Brad Cole, but otherwise DENIES the truth of the factual allegations contained in Paragraph 22 of the Amended Complaint and respectfully refers all questions of law to the Court.

23. ADMITS the truth of the factual allegations contained in Paragraph 23 of the Amended Complaint.

24. ADMITS that Male AD #1 received an annual salary of $137,008 in September 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 24 of the Amended Complaint.

25. In response to paragraph 25 of the Amended Complaint, ADMITS that Male AD#1 received a higher salary than Plaintiff in September 2018, but DENIES that the pay differential was based on sex.

26. In response to paragraph 26 of the Amended Complaint, ADMITS that Male AD#1 received a higher salary than Plaintiff in September 2018, but DENIES that the pay differential was based on sex.

27. ADMITS that Male AD #2 received an annual salary of $115,628 in September 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 27 of the Amended Complaint.

28. In response to paragraph 28 of the Amended Complaint, ADMITS that Male AD#2 received a higher salary than Plaintiff in September 2018, but DENIES that the pay differential was based on sex.

29. In response to paragraph 29 of the Amended Complaint, ADMITS that Male AD#2 received a higher salary than Plaintiff in September 2018, but DENIES that the pay differential was based on sex.

30. ADMITS that Deborah Beall received an annual salary of $93,386 in September 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 30 of the Amended Complaint.

31. In response to paragraph 31 of the Amended Complaint, ADMITS that Male AD#1 received a higher salary than Deborah Beall in September 2018, but DENIES that the pay differential was based on sex.

32. In response to paragraph 32 of the Amended Complaint, ADMITS that Male AD#1 received a higher salary than Deborah Beall in September 2018, but DENIES that the pay differential was based on sex.

33. In response to paragraph 33 of the Amended Complaint, ADMITS that Male AD#2 received a higher salary than Jacquelyn VanBrunt in September 2018, but DENIES that the pay differential was based on sex.

34. In response to paragraph 34 of the Amended Complaint, ADMITS that Male AD#2 received a higher salary than Jacquelyn VanBrunt in September 2018, but DENIES that the pay differential was based on sex.

35. DENIES the truth of the factual allegations contained in Paragraph 35 of the Amended Complaint.

36. DENIES the truth of the factual allegations contained in Paragraph 36 of the Amended Complaint.

37. DENIES the truth of the factual allegations contained in Paragraph 37 of the Amended Complaint.

38. ADMITS that Male AD #1 is the Associate Dean for Science, Technology, Engineering and Math, but otherwise DENIES the truth of the factual allegations contained in Paragraph 38 of the Amended Complaint.

39. ADMITS that Male AD #2 is the Associate Dean for Humanities and Social Sciences, but otherwise DENIES the truth of the factual allegations contained in Paragraph 39 of the Amended Complaint.

40. ADMITS that Deborah Beall is the Associate Dean for Professional Studies, but otherwise DENIES the truth of the factual allegations contained in Paragraph 40 of the Amended Complaint.

41. ADMITS that at the time of her resignation, Jacquelyn VanBrunt was the Associate Dean for Student Development and Enrollment Management, but otherwise DENIES the truth of the factual allegations contained in Paragraph 41 of the Amended Complaint.

42. ADMITS that the Associate Dean of Instruction, the Associate Dean, Administrative Services, and Associate Dean, Enrollment Management were listed in Pay Grade 209 under Defendant's Compensation Structures and Pay Procedures, but otherwise DENIES the truth of the factual allegations contained in Paragraph 42 of the Amended Complaint.

43. ADMITS that the Class Min for Pay Grade 209 on the Professional Service Grade Order List dated March 28, 2018 was $64,925 and the Class Max for Pay Grade 209 on the

Professional Service Grade Order List dated March 28, 2018 was $108,207, but otherwise DENIES the truth of the factual allegations contained in Paragraph 43 of the Amended Complaint.

44. ADMITS that Deborah Beall and Plaintiff's salaries from September 2018 fell between the Class Min and Class Max for Pay Grade 209 on the Professional Service Grade Order List dated March 28, 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 44 of the Amended Complaint.

45. ADMITS that the salaries for Male AD #1 and #2 as of September 2018 were higher than the Class Max for Pay Grade 209 on the Professional Service Grade Order List dated March 28, 2018, but otherwise DENIES the truth of the factual allegations contained in Paragraph 45 of the Amended Complaint.

46. DENIES the truth of the factual allegations contained in Paragraph 46 of the Amended Complaint.

47. ADMITS that Deborah Beall spoke with other employees at Defendant about the level of her compensation in 2017 and in 2018, ADMITS that some of her communications were e-mailed to the President and Executive Director of Human Resources, and otherwise DENIES the truth of the factual allegations contained in Paragraph 47 of the Amended Complaint.

48. DENIES the truth of the factual allegations contained in Paragraph 48 of the Amended Complaint.

49. ADMITS that Plaintiff filed a Charge with the EEOC in or around March or April 2019, but otherwise DENIES the truth of any other factual allegations contained in Paragraph 49, and respectfully refers all questions of law to the Court.

50. ADMITS that the EEOC issued a Dismissal and Notice of Rights dated September 19, 2019, but otherwise DENIES the truth of any other factual allegations contained in Paragraph 50, and respectfully refers all questions of law to the Court.

51. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 51 of the Amended Complaint.

52. DENIES the truth of the factual allegations contained in Paragraph 52 of the Amended Complaint, and respectfully refers all questions of law to the Court.

53. DENIES the truth of the factual allegations contained in Paragraph 53 of the Amended Complaint, and respectfully refers all questions of law to the Court.

54. DENIES the truth of the factual allegations contained in Paragraph 54 of the Amended Complaint, and respectfully refers all questions of law to the Court.

55. DENIES the truth of the factual allegations contained in Paragraph 55 of the Amended Complaint, and respectfully refers all questions of law to the Court.

56. DENIES the truth of the factual allegations contained in Paragraph 56 of the Amended Complaint, and respectfully refers all questions of law to the Court.

57. DENIES the truth of the factual allegations contained in Paragraph 57 of the Amended Complaint, and respectfully refers all questions of law to the Court.

58. DENIES the truth of the factual allegations contained in Paragraph 58 of the Amended Complaint, and respectfully refers all questions of law to the Court.

59. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 59 of the Amended Complaint.

60. DENIES the truth of the factual allegations contained in Paragraph 60 of the Amended Complaint, and respectfully refers all questions of law to the Court.

61. DENIES the truth of the factual allegations contained in Paragraph 61 of the Amended Complaint, and respectfully refers all questions of law to the Court.

62. DENIES the truth of the factual allegations contained in Paragraph 62 of the Amended Complaint, and respectfully refers all questions of law to the Court.

63. DENIES the truth of the factual allegations contained in Paragraph 63 of the Amended Complaint, and respectfully refers all questions of law to the Court.

64. DENIES the truth of the factual allegations contained in Paragraph 64 of the Amended Complaint, and respectfully refers all questions of law to the Court.

65. DENIES the truth of the factual allegations contained in Paragraph 65 of the Amended Complaint, and respectfully refers all questions of law to the Court.

66. DENIES the truth of the factual allegations contained in Paragraph 66 of the Amended Complaint, and respectfully refers all questions of law to the Court.

67. DENIES the truth of the factual allegations contained in Paragraph 67 of the Amended Complaint, and respectfully refers all questions of law to the Court.

68. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 68 of the Amended Complaint.

69. DENIES the truth of the factual allegations contained in Paragraph 69 of the Amended Complaint, and respectfully refers all questions of law to the Court.

70. DENIES the truth of the factual allegations contained in Paragraph 70 of the Amended Complaint, and respectfully refers all questions of law to the Court.

71. DENIES the truth of the factual allegations contained in Paragraph 71 of the Amended Complaint, and respectfully refers all questions of law to the Court.

72. DENIES the truth of the factual allegations contained in Paragraph 72 of the Amended Complaint, and respectfully refers all questions of law to the Court.

73. DENIES the truth of the factual allegations contained in Paragraph 73 of the Amended Complaint, and respectfully refers all questions of law to the Court.

74. DENIES the truth of the factual allegations contained in Paragraph 74 of the Amended Complaint, and respectfully refers all questions of law to the Court.

75. REPEATS and RE-ALLEGES each of the responses set forth above in response to Paragraph 75 of the Amended Complaint.

76. DENIES the truth of the factual allegations contained in Paragraph 76 of the Amended Complaint, and respectfully refers all questions of law to the Court.

77. DENIES the truth of the factual allegations contained in Paragraph 77 of the Amended Complaint, and respectfully refers all questions of law to the Court.

78. DENIES the truth of the factual allegations contained in Paragraph 78 of the Amended Complaint, and respectfully refers all questions of law to the Court.

79. DENIES the truth of the factual allegations contained in Paragraph 79 of the Amended Complaint, and respectfully refers all questions of law to the Court.

80. DENIES the truth of the factual allegations contained in Paragraph 80 of the Amended Complaint, and respectfully refers all questions of law to the Court.

81. DENIES the truth of the factual allegations contained in Paragraph 81 of the Amended Complaint, and respectfully refers all questions of law to the Court.

82. DENIES that Plaintiff is entitled to any of the relief demanded in the Amended Complaint.

83. DENIES each and every allegation not specifically and expressly admitted herein to be true.

## FIRST DEFENSE

The Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted as against Defendant.

## SECOND DEFENSE

Defendant did not and is not willfully violating the Equal Pay Act, the New York Achieve Pay Equity Act, the New York Labor Law, Title VII of the Civil Rights Act, or the New York Human Rights Law.

## THIRD DEFENSE

Defendant has acted in a good faith belief that it had been and is complying with all applicable provisions of the Equal Pay Act, the New York Achieve Pay Equity Act, New York Labor Law, Title VII of the Civil Rights Act, and the New York Human Rights Law.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH DEFENSE

Any differential in pay between Plaintiff and Male AD #1 and #2 was based on a seniority system, a merit system, a system that measures quantity or quality of production, a bona fide factor other than sex, and/or a factor other than sex.

## SIXTH DEFENSE

Any differential in pay between Plaintiff and Male AD #1 and #2 was not based on sex.

## SEVENTH DEFENSE

Plaintiff did not perform equal work requiring equal skill, effort and responsibility as Male AD #1 and #2.

## EIGHTH DEFENSE

Plaintiff did not perform her job under similar working conditions as Male AD #1 and #2.

## NINTH DEFENSE

Plaintiff's demand for a jury trial is improper to the extent it seeks a jury trial of any issues not properly submitted to a jury.

## TENTH DEFENSE

Plaintiff's claims are barred under the doctrines of estoppel, laches, and/or unclean hands.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent they must be brought in arbitration and cannot be brought in this or any other court.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend or further plead any other defenses applicable to any and all counts.

**WHEREFORE**, Defendant respectfully requests that the Amended Complaint be dismissed in its entirety with prejudice, with Defendant's recovering its expenses incurred herein, including costs and attorneys' fees to the extent legally permitted, and any such other relief this Court deems just and proper.

DATED: November 6, 2019

BOND, SCHOENECK & KING, PLLC

/s/ Katherine S. McClung
By: Katherine S. McClung
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone: 585.362.4700
*Attorneys for the Defendant*